# Kinnebrew *v.* The State.

*Indictment for Robbery.*

(Decided February 13th, 1902.)

1.  *Indictment; motion to quash; appearance of solicitor before grand jury.*—The mere fact that the solicitor appeared be-

[Kinnebrew v. The State.]

fore the grand jury when the indictment was found, without more, does not affect the validity of the indictment or authorize its being quashed.

2. *Robbery; what record must show on appeal; Code, §§ 5004, 4325.* A judgment of conviction for robbery cannot be upheld on appeal unless the record affirmatively shows that a day was set for trial and that a special jury was drawn in accordance with § 5004 of the Code. Section 4325 of the Code does not authorize the omission of such part of the record from the transcript.

APPEAL from Jackson Circuit Court.
Tried before Hon. J. A. BILBRO.
The defendant was convicted of robbery and appeals.

MILO MOODY, for appellant.

CHARLES G. BROWN, Attorney-General, for the State.

SHARPE, J.—An indictment proceeds from and is the act of the grand jury and to give it validity no function of the solicitor is necessary.—*Joyner v. State,* 78 Ala. 448. Whether his appointment was valid or not the mere fact that the solicitor appeared without more before the grand jury when the indictment was found did not affect the validity of the indictment, and, therefore, the motion to quash did not raise the question of his eligibility for appointment.

Robbery being an offense which may be punished capitally a judgment of conviction therefor cannot be upheld on appeal unless the record shows affirmatively that a day was set for trial and that a special jury was drawn in accordance with the requirements of the statute, Cr, Code, § 5004.—*Burton v. State,* 115 Ala. 1, and cases there cited. That part of the record if there was any such in the trial court, is not of the class which under section 4325 of the Code may properly be omitted from the transcript.

Reversed and remanded.