[Barden, *et al.* v. The State.]

tent for the State to call for any fact within the knowl-
edge of the witness pertinent and relevant to the issue.

There were other rulings of the court on the intro-
duction of evidence to which exceptions were reserved,
but they are not insisted on by the counsel. Besides, they
seem to be wanting in merit, and for this reason we de-
cline to discuss them.

Written charges 8 and 22, refused to the defendants,
were patently bad, and therefore properly refused.

Written charge 29, if for no other reason, was prop-
erly refused as being argumentative.

Charges, 26, 27 and 28, were each misleading in ten-
dency, and were ,therefore, properly refused. There was
other evidenc in the case than that of the witnesses Whit-
lock and Stuart from which the jury might have found
the defendants guilty. · This being true these several
charges, besides their misleading tendency, gave undue
prominence to the testimony of these two witnesses. In
the case of *Jackson v. State,* 136 Ala. 22, 34 South. 188,
where a similar charge was held good, there was but one
witness and this fact is sufficient to differentiate that
case from the one at bar.

For the error pointed out, the judgment of the circuit
court is reversed, and the cause is remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ.,
concur.

# Alien v. The State.

## *Murder.*

[DECIDED APRIL 7, 1906, 40 So. REP. 660.]

1. *Jury; Summoning; Drawing Special Venire for Trial.*—The pro-
   visions of § 5004, Code 1896, are mandatory in the trial of a
   capital case, and a judgment entry which fails to show that
   the venire was drawn from the jury box by the judge, is fa-
   tally defective and will not support a conviction.

[Allen v. The State.]

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

The defendant was indicted for the murder of Lucy Hammond by shooting her with a pistol. His defense was not guilty by reason of insanity. He was convicted and sentenced to death. The facts upon which the opinion is rested sufficiently appear therein.

No counsel marked for appellant.

MASSEY WILSON, Attorney-General ,for State..

ANDERSON, J.—Section 5004 of the Code of 1896 requires, among other things, in capital cases, that a venire of not less than 25 nor more than 50 names shall be drawn by the presiding judge, etc. This statute is mandatory, and a compliance therewith must affirmatively appear in the record.—*Scott v. State,* 37 South. 366; *Kinebrew v. State,* 132 Ala. 8, 31 South. 567; *Burton v. State,* 115 Ala. 1, 22 South. 585; *Spicer v. State,* 69 Ala. 159.

The judgment entry in the case at bar does not show that a venire was drawn by the judge from the jury box as required by the above statute. It says the court ordered.the box to the brought into court and that 30 be drawn, and that proof was made that service of the venire so drawn, etc., was made upon the defendant; but there is nothing to show that the venire was drawn from the jury box by the judge, etc.

The judgment of the city court is reversed, and the cause remanded.

WEAKLEY, C. J., and HARALSON, SIMPSON, and DENSON, JJ., Concur.