# McGay *v.* The State.

*Murder.*

(Decided June 30, 1913.   63 South. 70.)

1. *Bill of Exceptions; Filing; Time.*—Under section 3019, Code 1907, a bill of exceptions presented 91 days after judgment has been entered, is not filed in time, and will be stricken on motion.

2. *Appeal and Error; Record; Matters to be Shown by.*—Where no bill of exceptions was in the record, the action of the trial court in striking the plea of defendant cannot be reviewed, since such action must be presented by the bill of exceptions.

3. *Same; Harmless Error; Pleading.*—Where the record shows elsewhere that defendant pleaded not guilty, and that the question of his guilt or innocence was properly submitted to the jury, the error of the judgment entry in showing that defendant's plea of not guilty was erroneously stricken, was harmless.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Joseph McGay was convicted of murder and he appeals.  Affirmed.

I. I. CANTERBURY, and E. E. TAYLOR, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.  The bill of exceptions should be stricken because not filed until 91 days after judgment was entered.—McOllister v. State, infra.  There is no error apparent of record, and the cause should be affirmed.

ANDERSON, J.—This case was submitted on the merits and the motion of the state to strike the bill of exceptions.

Section 3019, in part, says:  "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards," etc.  The judgment in this case was entered January 9, 1913, and the bill of exceptions was presented April 10, 1913, 91 Days after the entry of the judgment, and, upon the authority of McOllister v. State, infra, 62 South. 767, the motion to strike the same is sustained.  As the bill of exceptions must be stricken, and as the record proper discloses no reversible error, this case is affirmed.

The judgment entry of January 9th indicates that the trial court struck the defendant's plea of "not guilty" because not filed by 6 o'clock of the previous afternoon, and if this was true it was highly improper, yet the action of the trial court in striking a plea cannot be reviewed except by a bill of exceptions.

Moreover, while the entry of January 9th indicates that the plea of not guilty was stricken because not filed by 6 o'clock of the previous day, the record in fact

[Roberson v. The State.]

shows that the defendant interposed such a plea when arraigned on the 6th, and it also appears that his guilt or innocence was submitted to and passed upon by the jury.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.