# Hays *v.* The State.

## *Murder.*

(Decided June 30, 1913.   63 South. 7.)

*Homicide; Evidence; Motive.*—Where there was evidence that defendant had threatened to kill deceased because deceased had reported him for violating the prohibition law, the affidavit charging defendant with the violation of that law, signed by deceased, was admissible in evidence, as tending to show motive.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Tom Hays was convicted of murder and he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   The affida-

vit signed by deceased charging defendant with the violation of the prohibition law was admissible to show motive in view of the evidence of threats made by defendant.—*Overstreet v. State,* 46 Ala. 30; *Marler v. State,* 67 Ala. 55; *Duncan v. State,* 88 Ala. 31; *Tate v. State,* 94 Ala. 14.

MAYFIELD, J.—The defendant was indicted, convicted and sentenced to life imprisonment, for the murder of R. D. Sowell.

The record proper appears to be regular, and discloses no reversible error. The transcript shows a waiver of a special venire, made in writing and entered of record, as is authorized by section 7264 of the Code.

The bill of exceptions shows objections or exceptions to only one matter during the progress of the trial, and that was as to the introduction in evidence of an affidavit, made by deceased, charging the defendant with a violation of the prohibition laws touching the sale of intoxicating liquors. This evidence was admissible, in connection with other evidence to show motive. There was evidence showing threats made by defendant to kill the deceased, and for the reason that deceased had reported him for the violation of the law; and, according to the witness Kaufman, that defendant, speaking to the witness and referring to the deceased, had used this language: "That damned man there swore a lie against me, and I am going to kill him."

The affidavit, under the circumstances, was clearly admissible in evidence. A motive to commit a crime is to be inferred from other facts, and is not, on account of its nature, susceptible of direct proof; yet evidence which shows or tends to show facts from which the jury may infer motive is admissible in evidence.—*Fowler v. State,* 155 Ala. 21, 45 South. 913; *Ward v. State,* 153

Ala. 9, 45 South. 221; *Nordan v. State,* 143 Ala. 13, 39 South. 406.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.