[Smith v. The State.]


# Smith *v*. The State.

## *Robbery.*

(Decided June 3, 1914.   65 South. 693.)

1. *Indictment and Information; Offenses Included.*—Under sections 6311 and 7315, Code 1907, an indictment charging robbery includes charges of an assault with intent to rob, and assault and battery.

2. *Jury; Special Venire; Capital Offenses.*—Where the indictment charged robbery, an offense which may be punished capitally under section 7746, Code 1907, a judgment of conviction cannot be supported thereunder where the record fails to show affirmatively a compliance with the requirement of the statute as to the orders for a jury for the trial of a person indicted for a capital felony.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Pete Smith was indicted for robbery, convicted of assault with intent to rob, and he appeals.   Reversed and remanded.

The following charges were refused to defendant:

(1) Defendant cannot be convicted of assault and battery if you believe the evidence.   (2) Defendant cannot be convicted of an assault with intent to rob, if you believe the evidence.   (3) If, from the evidence, you are reasonably satisfied that Claude Moorer is the person who took the money from Jesse Frank, and the defendant did not aid or abet him in the taking, you should acquit defendant.   (4) If from the evidence you are reasonably satisfied that Claude Moorer is the person who took the money from Jesse Frank, and that defendant did not aid or abet him in the taking, then you cannot find him guilty of robbery or assault with intent to rob.

The record of the organization of the court fails to show an arraignment, order for a special venire, or the drawing of a special venire, but merely shows the organ-

ization of the court, and the drawing and organizing of the regular venires for the week.

POWELL & HAMILTON, for appellant. The record fails affirmatively to show the necessary arraignment and orders required in a case where the defendant may be punished capitally.—*Allen v. State,* 145 Ala. 11; *Kinnebrew v. State,* 132 Ala. 8; *Burton v. State,* 115 Ala. 1; Sections 7262, et seq; and 7746, Code 1907; Acts 1909, p. 317. The evidence did not disclose any of the elements of robbery, and the verdict should have been directed for defendant.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—The testimony of Arthur Boykin tended to prove that the defendant did not take anything from the person of Jesse Frank, the alleged victim of the robbery charged. But the testimony of this witness, as well as other testimony in the case, had a tendency to prove that the shooting of Frank by the defendant was a result of or accompanied with an intent on the part of the latter forcibly to take from the former's person money just previously won by him in a crap game in which the two had been engaged. In other words, there was evidence tending to prove that the defendant assaulted Frank with intent to rob him, but did not consummate the intended robbery or in any way participate in a robbery or theft, which there was evidence tending to prove was subsequently committed by Claude Moorer. The charge of robbery includes the charges of an assault and battery and of an assault with intent to rob.—*Rambo v. State,* 134 Ala. 71, 32 South. 650; Code, §§ 6311, 7315. As there was evidence tending to prove that the

[Ireland v. The State.]

defendant was guilty of an assault and battery or of an assault with intent to commit the robbery charged, charges 1, 2, 3, and 4 were properly refused.

The indictment in this case charged the commission of an offense which may be punished capitally.—Code, § 7746. The judgment of conviction cannot be supported, as the record fails to show affirmatively a compliance with the requirements of the statute as to the jury for the trial of a person indicted for a capital felony.—*Kinnebrew v. State,* 132 Ala. 8, 31 South. 567; *Burton v. State,* 115 Ala. 1, 22 South. 585; *Jackson v. State,* 171 Ala. 38, 55 South. 118; Acts of Ala. 1909, 305, 318.

Reversed and remanded.