# Harper *v.* The State.

## *Murder.*

(Decided June 1, 1915. Rehearing denied June 15, 1915. 69 South. 302.)

1. *Bills of Exception; Presentation; Time.*—Under section 3019, Code 1907, the bill must show on its face that it was presented to the trial judge within 90 days from the date of the judgment, or it cannot be looked to as a basis for showing error, and where it was presented on the 92nd day after the judgment entry, it will be stricken on motion.

2. *Same; Motion to Strike.*—Where the bill of exceptions was presented within 90 days after the judgment entry, the provisions of section 3020, Code 1907, are without application.

3. *Same; Judgment Entry; Time.*—The entry of judgment referred to in section 3019, Code 1907, is the judgment in the case from which an appeal is authorized, which is the judgment of conviction under the express provision of section 6244, Code 1907.

4. *Homicide; Preliminary Proceedings; Necessity of.*—Under the statute, it is mandatory that a capital case be specially set for trial, and a special venire drawn, and in the absence of a showing that such special venire has been waived in writing under section 7264, Code 1907, to sustain a conviction the record must affirmatively show a compliance therewith; and while under rule 27, Supreme Court Practice, the special venire need not be set out in the record, unless some question was raised thereon. yet the rule does not obviate the necessity of showing in the minutes of the court a compliance with the statute.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Furman Harper was convicted of murder and he appeals.  Reversed and remanded.

JOHN B. TALLEY, and HUNT & WOLFES, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

BROWN, J.—The judgment of conviction from which this appeal is prosecuted was entered on the 14th day of October, 1914, and the defendant was remanded to jail to await sentence.  On the 17th day of October, 1914, the defendant was brought before the court and the sentence of the law pronounced against him.

(1-3)  The bill of exceptions was presented to the trial judge on the 14th day of January, 1915, and was signed on the 26th day of March, 1915.

Section 3019 of the Code of 1907 provides: "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards.  *  *  *  The judge must indorse thereon and as a part of the bill, the true date of presenting, and the bill of exceptions must, if correct, be signed by him within ninety days thereafter."

The presentation of the bill within 90 days from the entry of the judgment is the jurisdictional fact conferring on the judge authority to sign it and make it a part of the record.  If the bill does not show on its face that it was presented within 90 days, it cannot be looked to as a basis of showing error.—*Box, et al. v. Southern Ry. Co.*, 184 Ala. 598, 64 South. 69; *Hartselle v. Wilhite*, 3 Ala. App. 612, 57 South. 129.

The insistence of the appellant that the language of section 3020 of the Code leaves room for the exercise of discretion as to whether the bill should be stricken is not pertinent here, as that section has no application

when the bill is not presented within the 90 days.—*Box, et al. v. Southern Ry. Co., supra.*    The only judgment from which the statute authorizes an appeal in criminal cases is the judgment of conviction.—Code, § 6244; *Wright v. State,* 12 Ala. App. 253, 67 South. 798; *Allen v. State,* 141 Ala. 35, 37 South. 393.    The entry of the judgment referred to in section 3019 as fixing the time from which to compute the 90 days within which the bill of exceptions was presented is the judgment from which an appeal is authorized.—*Central of Ga. Ry. Co. v. Ashley,* 160 Ala. 582, 49 South. 388; *Rainey v. State,* 9 Ala. 51, 64 South. 168.    The bill in this case was presented on the 92 day after entry of the judgment of conviction, and the motion of the Attorney General to strike the bill must prevail.—*McGay v. State,* 183 Ala. 41, 63 South. 70; *McOllister v. State,* 183 Ala. 8, 62 South. 767.

(4) The indictment on which the defendant was tried embraces a charge of murder in the first degree, a capital felony, and the record does not show compliance with the statute requiring the case to be specially set for trial and the drawing of a special venire.    It has been repeatedly held that these statutes are mandatory, and, in the absence of a showing that such special venire has been waived under the provisions of section 7264 of the Code, the record to sustain a conviction must affirmatively show compliance therewith.—*Kinnebrew v. State,* 132 Ala. 8, 31 South. 567; *Burton v. State,* 115 Ala. 1, 22 South. 585; *Allen v. State,* 145 Ala. 11, 40 South. 660; *McSwean v. State,* 175 Ala. 21, 57 South. 732; *Hays v. State,* 183 Ala. 76, 63 South. 7.

The order of the court setting the case for trial and ordering a special venire for defendant's trial is a matter that must be shown by the minutes of the court, and not otherwise, and while under rule 27 (175 Ala. xx,

61 South. vii) the special venire itself need not be set out
in the record unless some question thereon is raised, the.
rule does not obviate the necessity of showing in the min-
utes of the court compliance with the statute in the
respect above pointed out.—*Kinnebrew v. State, supra.*

The judgment of the circuit court is reversed and the
cause is remanded.

Reversed and remanded.