(78 South. 309)

ROSS v. STATE. (3 Div. 303.)

(Court of Appeals of Alabama. March 12, 1918.)

1. CRIMINAL LAW ⟨⟩1066, 1124(4)—APPEAL—EXCEPTIONS.

Error in overruling motion for new trial cannot be reviewed, unless exception be reserved, and the exception, together with the evidence and ruling of the court, be incorporated in the bill of exceptions, as required by Acts 1915, p. 722.

2. CRIMINAL LAW ⟨⟩561(1) — DEGREE OF PROOF.

It is not any doubt, but a reasonable doubt, that authorizes acquittal.

3. INDICTMENT AND INFORMATION ⟨⟩189(11)—OFFENSES INCLUDED.

The charge of robbery includes the charge of an assault and battery and of an assault with intent to rob.

4. CRIMINAL LAW ⟨⟩1038(2)—APPEAL—OBJECTIONS BELOW—INSTRUCTIONS.

Failure of the court in its oral charge to instruct on the lesser offenses included in the charge of robbery could not be considered for the first time on appeal; no exception having been reserved to the oral charge, and no request

having been made, by special charges or otherwise, that the court instruct as to such lesser offenses.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Fred Ross was convicted of robbery, and appeals. Affirmed.

Brassell & Brassell, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was tried and convicted of robbery, and sentenced to the penitentiary for a term of 10 years.

[1, 2] On this appeal it is insisted that the court erred in overruling the motion for a new trial. This question, however, is not presented for our consideration as required by law. Acts 1915, p. 722. We are therefore without authority to review the ruling of the court in refusing to grant a new trial. Under the provision of the statute, it is essential to the right to review the ruling of the trial court on a motion for a new trial that an exception should be reserved, and that this exception, together with the evidence and the ruling of the trial court on the motion, should be incorporated in the bill of exceptions. In the instant case, there is an absolute noncompliance with these provisions; hence, without reference to the merits of the motion, under these conditions the matter cannot be reviewed. Acts 1915, p. 722; King v. State, 75 South. 692;[1] Britton v. State, 74 South. 721.[2] In appellant's brief it is next insisted that the court erred in refusing the written charge numbered 4, requested by the defendant. No such designated charge is incorporated in the bill of exceptions, or set out in the record, and it naturally follows that we are unable to pass upon this question. The only charges refused to the defendant, as shown by the bill of exceptions and by the record, are charges numbered 1 and 7. Charge No. 1, being the general affirmative charge for the defendant, was under the evidence in this case properly refused, as there was ample evidence offered by the state to submit the question of the guilt or innocence of the defendant to the jury. Charge 7 was properly refused. It is not any doubt which authorizes the acquittal of a defendant, but, as has been said many times, "a reasonable doubt," and the charge is bad, therefore, for omitting the word "reasonable." The principles of law undertaken to be embodied in this charge were covered by the oral charge of the court and by given charge 3, requested by the defendant.

[3, 4] For the first time, on this appeal, the question is presented relative to the failure of the court in its oral charge to the jury to instruct the jury on the lesser offenses which are comprehended and included in the charge of robbery. "The charge of robbery includes the charge of an assault and battery and of an assault with intent to rob." Smith v. State, 11 Ala. App. 153, 65 South. 693. And under section 6311 of the Code of 1907 an accused may be found not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such an offense, without any special count in the indictment for such attempt." No exception having been reserved to the oral charge of the court, and no request, by special charges or otherwise, that the court instruct the jury as to the lesser offenses comprehended and included in the charge contained in the indictment in this case, we are precluded, under the authority of McPherson v. State (Supreme Court of Alabama) 73 South. 387,[3] to review this question, which is presented for the first time on this appeal.

This disposes of all questions presented by the record and insisted upon on this appeal, and it follows that the judgment of conviction in the lower court must be affirmed.

Affirmed.