(88 South. 353)

## JOHNSON v. STATE. (8 Div. 807.)

(Court of Appeals of Alabama. Feb. 15, 1921.)

1. Intoxicating liquors ⬥➾238(1)—Refusal to direct verdict proper where evidence tends to prove guilt.

In prosecution for manufacturing prohibited liquors, where there was evidence tending to show the manufacture of prohibited liquors, and that defendant was one of the parties engaged therein, refusal of general affirmative charge requested by defendant held proper.

2. Intoxicating liquors ⬥➾236(4)—Refusal of instruction requiring identification by "the officers" held proper, identification by one officer being sufficient.

In prosecution for manufacturing prohibited liquors, refusal of requested instruction that "you cannot convict defendant if you have any doubt in your mind that the officers identified one of the men in the wagon as" defendant held proper, where there was testimony by one of the officers identifying defendant, since identification by only one of the officers was sufficient.

3. Criminal law ⬥➾1124(4) — Motion for new trial not incorporated in bill of exceptions not considered, in absence of a showing of the evidence offered in support thereof.

Motion for a new trial cannot be reviewed on appeal, where it is not incorporated in the bill of exceptions, and where it does not appear what, if any, evidence was offered in support of the motion.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Miller Johnson was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

Charge 3, refused to defendant, is as follows:

(3) You cannot convict defendant if you have any doubt in your mind that the officers identified one of the men in the wagon as Miller Johnson.

Mitchell & Hughston, of Florence, for appellant.

No brief came to the Reporter.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

MERRITT, J. The appellant was convicted of a violation of the prohibition law, and sentenced to the penitentiary for an indeterminate term of not less than 13 nor more than 14 months.

[1.] There was no error in refusing the general affirmative charge requested in writing by the defendant. There was evidence tending to show the manufacture of prohibited liquors, and that the defendant was one of the parties engaged therein.

[2] Charge 3 was properly refused. Only one of the officers positively testified that the defendant was one of the parties on the wagon, he testifying that in his best judgment the defendant was on the wagon. The charge requires that "the officers" identify the defendant.

In this case, as a matter of fact, one would have been sufficient on the question of identity if believed by the jury.

There is no merit in the objections to the introduction of certain testimony.

[3] The motion for a new trial cannot be reviewed here, as it is not incorporated in the bill of exceptions, and it does not appear what, if any, evidence was offered in support of the motion. Ross v. State, 16 Ala. App. 393, 78 South. 309; Crawley v. State, 16 Ala. App. 545, 79 South. 804.

There is no error in the record, and the judgment is affirmed.

Affirmed.