(93 South. 228)

## CARTER v. STATE. (2 Div. 263.)

(Court of Appeals of Alabama. June 20, 1922. Rehearing Denied June 30, 1922.)

1. Criminal law ⬅︎1081—Notice necessary to perfect appeal.

In order to perfect an appeal from a conviction for assault with intent to murder, a written statement, signed by defendant or his attorney, that defendant appeals from the judgment of the trial court, as provided for by Act: Feb. 15, 1919 (Laws 1919, p. 86) § 7, is necessary.

On Motion to Set Aside Submission and for Certiorari.

2. Criminal law ⬅︎1090(8)—Exceptions necessary to review rulings on evidence.

Rulings as to the introduction or exclusion of testimony will not be reviewed, in absence of exceptions.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Mable Carter was convicted of assault with intent to murder, and she appeals. Appeal dismissed.

D. M. Boswell, of York, and G. H. Carnathan, of Butler, for appellant.

Counsel discuss the merits of the appeal, but do not discuss the question decided.

Harwell G. Davis, Atty. Gen., for the State.

No notice of appeal was filed as required, and the appeal should be dismissed, under section 7, Acts 1919, p. 84.

---

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

MERRITT, J.. The motion of the Attorney General to dismiss the appeal in this case must prevail.

[1] The appellant has not perfected an appeal, for that he has failed to file a written statement, signed by the defendant or his attorney, that the defendant appeals from the judgment of the trial court, as provided for by section 7 of an act approved February 15, 1919 (Acts Ala. 1919, p. 86). Brewer v. State, ante, p. 163, 89 South. 841.

The appeal is dismissed.

### On Motion for Rehearing.

The appellant files her motion, asking that the original submission be now set aside, and that certiorari be ordered to issue to the clerk of the circuit court, to send to this court the entry of the trial judge to the effect that she gave the proper notice of appeal to this court; the appeal having been dismissed for failure of the record to show such notice had been given. The court would be inclined to grant this motion, but a consideration of the entire record convinces us that it would be a useless thing.

[2] No exceptions were taken to any of the rulings of the trial court on the introduction or exclusion of the testimony; consequently there is nothing for us to review on the rulings of the court in this respect.

The bill of exceptions does not purport to set out all, or substantially all, of the evidence offered in the trial of the case; consequently we cannot review the action of the trial court in refusing to the defendant the general affirmative charge.

The written charges refused to defendant, where they state correct propositions of law, are covered by the court's oral charge and other written charges given at the request of the defendant.

In view of these things, the motion of the appellant must be overruled.