## FULLER v. STATE.    (5 Div. 394.)

(Court of Appeals of Alabama.   June 5, 1923.
Rehearing Denied Oct. 16, 1923.)

1. **Criminal law ⚌1092(7)—Rule stated as to what matters considered on bill of exceptions not presented for signature within time required.**

A bill of exceptions not having been presented to the judge for his signature within the time required by statute cannot be considered as a part of the record for reviewing the rulings of the court on the trial, but if presented within 90 days from the ruling of the court on motion for a new trial may be considered à part of the record for the purpose of reviewing such questions as are presented by the motion.

2. **Criminal law ⚌1083—Trial court without jurisdiction to hear motion for new trial after appeal taken.**

Where, at time of rendition of judgment, defendant was sentenced and an entry of record was made showing that defendant gave notice of appeal and that execution of judgment and sentence was suspended and an appeal bond was filed on the same day, the trial court was without authority to entertain, and had no power to grant, a motion for a new trial subsequently made.

3. **Criminal law ⚌1023(11)—No appeal from void judgment.**

No appeal will lie from a void judgment.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Olin A. Fuller was convicted of violating the prohibition law, and appeals. Affirmed. Certiorari denied by Supreme Court in Ex parte Fuller, 210 Ala. 374, 98 South. 211.

Frank M. de Graffenried, of Seale, for appellant.

The trial court does not lose jurisdiction over judgment therein rendered after 30 days therefrom, where a motion for new trial has been filed; and when a motion for new trial has been filed, the evidence thereon is a part of the bill of exceptions. Acts 1915, p. 707; Acts 1915, p. 722.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. This case was tried and judgment of conviction entered on October 15,

1921. At the time of the rendition of the judgment defendant was sentenced to imprisonment in the penitentiary for a term of not less than 13 nor more than 14 months, and an entry of record was made showing that defendant gave notice of appeal, and that execution of the judgment and sentence was suspended pending such appeal. An appeal bond was filed by defendant on the same day.

[1] Subsequent thereto on October 19, 1921, the defendant filed in the circuit court a motion for a new trial, which was continued by the presiding judge until the next jury term of the court. On April 8, 1922, at the regular spring term of the court the judge heard said motion and entered an order refusing the same, to which judgment of the court the defendant then and there excepted. A bill of exceptions was presented to the trial judge on June 3, 1922, more than 7 months after the trial, and was signed August 30, 1922. The bill of exceptions, not having been presented to the judge for his signature within the time required by the statute, cannot be considered as a part of the record for reviewing the rulings of the court on the trial, but, if presented within 90 days from the ruling of the court on the motion for a new trial, may be considered a part of the record for the purpose of reviewing such questions as are presented by the motion. Sherman v. State, 15 Ala. App. 175, 72 South. 755; Cassel's Mill et al. v. Strater Bros. Grain Co., 166 Ala. 274, 51 South. 969; McCary v. A. G. S. R. R. Co., 182 Ala. 597, 62 South. 18; McOllister v. State, 183 Ala. 8, 62 South. 767; Harper v. State, 13 Ala. App. 47, 69 South. 302.

The act of the Legislature regulating the manner of taking appeals in criminal cases provides:

"That appeals in criminal cases must be taken at the time of sentence or confession of judgment or within six months thereafter in manner following: (a) An entry of record that defendant appeals from the judgment with or without suspension of judgment, as he may elect, to be taken at the time of judgment rendered, or (b) the filing of a written statement signed by the defendant or his attorney that defendant appeals from the judgment; the statement to be filed within six months." Acts 1919, p. 86.

[2] The judgment entry in this case dated October 15, 1921, shows that the defendant on that date complied with all the requirements of the statute to entitle him to a review by this court of the judgment of conviction. Sherman v. State, supra; Gaines v. State, 146 Ala. 16, 41 South. 865; Campbell v. State, 182 Ala. 18, 62 South. 57; Rivers v. State, 13 Ala. App. 362, 69 South. 387; Carter v. State, 18 Ala. App. 624, 93 South. 228.

An appeal was taken by the defendant in the manner prescribed by the statute; the

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

jurisdiction of the case was transferred from the trial court to this court; and the trial court was without authority to entertain, and had no power to grant, the motion for a new trial made on October 19, 1921. Sherman v. State, supra, and authorities there cited.

We are asked to review this action of the court.

[3] The order and judgment of the circuit court entered April 8, 1922, was void, and no appeal lies from a void judgment. The judgment of the circuit court on the motion for a new trial being void cannot be considered on this appeal, and the bill of exceptions falls with the motion. Only such questions as appear in the record proper are presented for review.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.