On April 5, 1984, there was filed with the Clerk of this Court a transcript of *Page 93 
the record of proceedings "AFTER REMANDMENT" that shows precise and plenary compliance with the directions set forth in our opinion on original submission in remanding the case to the trial court. An evidentiary hearing was conducted, at which this appellant was present and represented by counsel, which included his previous counsel on this appeal as co-counsel and new counsel appointed by the Court, all to the express satisfaction of the appellant. During the lengthy testimony of appellant-petitioner, he made it clear that there had been evidentiary hearings of his previous petitions for writ of error coram nobis, which included an evidentiary hearing conducted by Judge King, the now deceased judge who adjudged him guilty as charged in an indictment for rape and sentenced this appellant to imprisonment for life. However, appellant's testimony did not include an admission by him that in his petition for writ of error coram nobis heard by Judge King there was a ground asserted therein that his punishment was not fixed by a jury. Nevertheless, in the typed petition that is signed by this appellant and was ruled upon by Judge King, there is the following paragraph:
 "The Petitioner further contends that the fact that he was just put to trial without a jury on a capital felony, deprived him of his rights. See: Smith v. State, 11 Ala. App. 153, 155, 65 So. 693; Gandy v. State, 1962. The record must show affirmatively a compliance with the requirements of the statute as to the jury for the trial of a person indicted for a capital felony. In a capital case the Court must cause the punishment to be fixed by a jury. Applied in Howard v. State, 165 Ala. 18, 50 So. 954; cited in Martin v. State, 62 Ala. 240, 242."
By the transcript now before us, we have the benefit of the "ORDER AND JUDGMENT OF THE COURT," signed by Judge King dated September 29, 1966, which recites, inter alia, "The Court being of the opinion that the evidence elicited from said Petitioner was not sufficient, as a matter of law, denied said petition and granted the State's Motion to Dismiss."
After the evidentiary hearing conducted by the trial court in accordance with the remandment with directions, the trial court rendered an "ORDER AND JUDGMENT OF THE COURT ON REMAND FROM THE ALABAMA COURT OF CRIMINAL APPEALS," in material part as follows:
 "As shown by State's Exhibit No. 2, the Hon. Alta L. King, Circuit Judge, did dismiss the Petition for Writ of Error Coram Nobis, having considered all the issues alleged in said petition. The essential issues in said petition of 1965 were alleged again in the Petition for Writ of Error Coram Nobis filed by the defendant in 1978. This Court at that time dismissed said petition. Further, substantially the same grounds were alleged in the Petition for Writ of Error Coram Nobis filed in 1982, which resulted in the present appeal and present remand.
 "All matters having been previously heard by virtue of a Petition for Writ of Error Coram Nobis, this Court feels that said petition in 1982 should be and is hereby dismissed. . . .
 "Having complied with the remandment from Alabama Court of Criminal Appeals and having now dismissed the Petition for Writ of Error Coram Nobis; it is, therefore, CONSIDERED, ORDERED, ADJUDGED and DECREED that the petition of Ernest McCoy 1982, be and the same is hereby denied and dismissed. And it is further ordered that a transcript of these proceedings along with the exhibits be forwarded to the attorneys for the defendant, to the District Attorney for the Tenth Judicial Circuit of Alabama and to the Alabama Court of Criminal Appeals, showing that this Court has complied with the order of the remandment."
We agree with the decision of the trial court on the evidentiary hearing after remand. Neither party, by an attorney or otherwise, has filed a brief challenging the correctness of the trial court's order and *Page 94 
judgment on remand. The judgment of the trial court should now be affirmed.
AFFIRMED.
All the Judges concur.