Fred Peeples was indicted for the murder of his wife, Angela Williams Peeples, in violation of § 13A-6-2, Code of Alabama 1975. The jury found Peeples guilty as charged in the indictment, and the court sentenced him to 30 years in the penitentiary.
The sole issue on appeal is whether the trial court properly admitted into evidence a certified copy of a pending indictment against Peeples for the jury's consideration on the question of motive.
On January 11, 1991, Peeples was indicted for the offense of assault in the second degree by intentionally causing physical injury to his wife Angela by means of a knife, in violation of § 13A-6-21, Code of *Page 187 
Alabama. The assault case was set for trial to begin on April 2, 1991. However, on February 8, 1991, the victim, Angela Peeples, was found shot to death in her home, and the appellant, Fred Peeples, was charged with the murder of his wife.
During Peeples's murder trial, the trial court admitted into evidence, over Peeples's strenuous objection, a certified copy of the indictment charging Peeples with second degree assault for the limited purpose of establishing Peeples's motive for allegedly murdering his wife, who would have been the central witness against him in the assault case. In admitting the indictment for this specific purpose, the court was careful to instruct the jury that the indictment merely charged Peeples with a crime and that the indictment presented no presumption or inference or conclusion of guilt.
Evidence is relevant if it has any probative value to the issue at bar, however slight. The determination of relevancy rests within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Newsome v.State, 570 So.2d 703 (Ala.Cr.App. 1989).
As correctly noted by Peeples in his brief, the jury can properly consider evidence that the victim in a murder case was a witness in another prosecution involving the accused for the limited purpose of establishing the motive of the now-charged homicide. Hays v. State, 183 Ala. 76, 63 So. 7 (1913). The motive exception to the general exclusionary rule is further discussed in C. Gamble, McElroy's Alabama Evidence § 70.01(12)(e) (4th ed. 1991):
 "Another of the primary exceptions to the general rule excluding evidence of other crimes is the principle that other crimes are admissible if they have probative value upon the issue of motive for the now-charged crime. The motive element of a homicide may take many forms. For example, it may involve malice, ill-will for the victim or it may include the purpose of the homicide — i.e., that it was committed to cover up a prior crime or make way for a subsequent crime. Whenever a collateral crime is relevant to prove the motive for the now-charged homicide, it is admissible.
 "The most frequent application of the above rule is in murder prosecutions where malice or ill-will toward the victim is a requisite motive for the crime. In such cases the state is properly permitted to prove prior assaults by the accused upon the victim as tending to show a motive in him to kill the deceased."
We therefore hold that because the victim in the murder case, Angela Peeples, was the chief witness in the assault prosecution of Peeples, the trial court did not abuse its discretion in admitting a certified copy of the assault indictment for the limited purpose of establishing Peeples's motive for allegedly murdering his wife.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.