# Smith, alias, v. The State.

## Murder.

(Decided April 14, 1910. 52 South. 396.)

1. *Jury; Summoning; Venire for Trial of Cause.*—Under section 7265, Code 1907, an order for a panel of jurors for the trial of a capital case which limits the venire to the special jurors drawn together with the jurors drawn and summoned for the fourth week of the court, was error, since by the use of the word, "summoned" an unauthorized limitation was placed on the number of persons to constitute the venire.

2. *Bill of Exceptions; Extension of Time.*—Under section 6248, Code 1907, and section 3019, Code 1907, a bill of exceptions in a criminal case must be presented within ninety days from the date of the entry of the judgment of conviction, and the trial court is without power to extend the time for such prosecution.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Will Smith, alias Jim Wallace, was convicted of homicide, and he appeals. Reversed and remanded.

ALMON & ANDREWS, for appellant. Counsel insist that the defendant was not furnished with proper ve-

[Smith, alias, v. The State.]

nire for the trial of his cause in that the venire was limited to the regular jurors drawn and summoned for the fourth week of the court.—Sec. 7265, Code 1907. In view of the decision it is deemed unnecessary to set out a discussion of the other assignments of error insisted on, as they were presented by bill of exceptions.

ALEXANDER M. GARBER, Attorney General, for the State. The error in the venire was error without injury.—*Phillips v. The State,* in MS. The Attorney General insists that the other errors cannot be considered because presented only by bill of exceptions, which was not signed within the time provided by law, and hence, cannot be considered.—Secs. 3019, and 6248, Code 1907.

EVANS, J.—On the trial of this case the court entered an order "that the 48 special jurors drawn for the trial of defendant, together with the jurors *drawn* and *summoned* for *the fourth week* of the court, should constitute the *venire* from which the jury to try this case should be selected. The court further ordered that a copy of the indictment against the defendant in this case, and a copy of *said venire* for the trial of his case, be served on defendant, or his attorney of record, one entire day before the day set for the trial of this case." This order was in accordance with the law as it was prior to the time that the Code of 1907 went into effect on May 1, 1908, and the date of this order is October 15, 1908. The law as it is in the Code of 1907 was therefore, in effect at the time this order was made. Under its provisions, "when the day set for the trial is a day of a subsequent week of the term, the special jurors so drawn, together with the jurors *drawn* for such subsequent week, shall constitute such venire."—Code 1907, § 7265. The order in this case was made on Octo-

ber 15th, and the case set for trial October 30, 1908, a day of a subsequent week. Several of the jurors drawn for said fourth week of the term were not summoned. We cannot, therefore, say that the error of the court in making the order containing the word "summoned" was without injury, as it was a further limitation upon the number of names to constitute the venire than the law directed.

The bill of exceptions in this case cannot be reviewed, for the reason that it was not presented to the presiding judge within 90 days from the day on which the judgment was entered. Section 6248 of the Code of 1907 reads as follows: "The provisions of this Code relating to the time and manner of taking, signing, and establishing bills of exceptions in civil causes apply to criminal cases, so far as applicable." Section 3019 of said Code reads as follows: "Bills of exceptions may be presented at any time within ninety days from the day on which the judgment is entered, and not afterwards; and all general, local, or special laws, or rules of court, in conflict with this section are repealed, abrogated and annulled. The judge must indorse thereon, and as a part of the bill, the true date of presenting, and the bill of exceptions must, if correct be signed by him within ninety days thereafter." It will be seen, from the two foregoing sections, that the court was without authority to make any order extending the time of presenting the bill of exceptions to the trial judge, and such order was void. The time is now fixed by law, and cannot be altered or changed by an order of the court.

For the error of the court heretofore pointed out, the case is reversed and remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.