# Hartselle & Co. *v.* Wilhite, *et al.*

*Detinue.*

(Decided Nov. 28, 1911. 57 South. 129.)

1. *Bills of exceptions; Presentation; Time.*—Under section 3019, Code 1907, when a bill of exceptions is not presented within 90 days, from the date of the judgment, it is not a bill of exceptions and cannot be considered although signed by the trial judge.

2. *Same.*—Provisions of section 3019, Code 1907, are not affected by the provisions of section 2020, Code 1907, since under the law now the presentation of the bill within 90 days from the entry of judgment is jurisdictional.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Detinue by J. W. Wilhite and another against J. A. Hartselle & Company. Judgment for plaintiff, defendants appeal. Affirmed.

TIDWELL & SAMPLE, for appellant. Counsel discuss the errors assigned as shown by the bill of exceptions, and insist upon the authorities cited that the judgment should be reversed, but in view of the opinion it is not deemed necessary to here set them out. They further insist that the court cannot ex meru motu strike the bill of exceptions and in support thereof cite section 2020, Code 1907.

WERT & LYNNE, for appellee. The bill of exceptions will be stricken as it cannot be considered for any purpose, it not having been presented to the presiding judge, or filed with the clerk until more than 90 days had elapsed from the date of the judgment.—*E. A. L. M. Co. v. Canterbury*, 53 South. 823; *Thomas v. Daniel Bros.*, 42 South. 623; *McPherson v. Wiggins*, 40 South.

[Hartselle & Co. v. Wilhite, et al.]

961. The errors assigned, all being based upon matters appearing from the bill of exception, nothing is presented for consideration.

De GRAFFENRIED, J.—In this case the judgment appealed from was rendered on January 18, 1909, and the bill of exceptions was not presented to the judge who presided at the trial for his signature until April 29, 1909, more than three months from the date of the rendition of the judgment.

Section 3019 of the Code provides that bills of exceptions may be presented to the judge trying the case at any time within 90 days from the date on which the judgment is entered, *and not afterwards*, and that the bill of exceptions so tendered must, if correct, be signed by him within 90 days thereafter. It is manifest that what purports to be a bill of exceptions in this case is in fact no bill of exceptions, because it was not presented to the presiding judge within the time required by law, and we therefore cannot consider any question attempted to be raised by appellant in said bill of exceptions.

The provisions of the above section 3019 relative to the time when a bill of exceptions shall be *presented* are not affected by section 2020, which declares that the Supreme Court or Appellate Court shall not, ex mero motu, strike a bill of exceptions because it was not *signed* by the presiding judge within the time required by law. The *presentation* of the bill of exceptions to the presiding judge within 90 days from the date on which the judgment was entered is *jurisdictional*, and unless the bill of exceptions is presented within the time specified by the statute, it is *no* bill of exceptions, and the signature of the presiding judge cannot give it life.—*Spivey's Case*, 172 Ala., 56 South. 232; *Thomas v. Daniel Bros.* 42 South. 623; *McPherson*

*v. Wiggins,* 40 South. 961; *Smith v. State,* 166 Ala. 24, 52 South. 396.

As the errors insisted upon on this appeal are raised only by the alleged bill of exceptions, they are not before us for review. The judgment of the court below is affirmed.

Affirmed.