# Box, *et al. v.* Southern Railway Co.

## *Damage for Setting Out Fire.*

(Decided November 27, 1913.   64 South. 69.)

1. *Bills of Exceptions; Presentation; Mandatory Provision.*—The requirement of section 3019, Code 1907, that bills of exceptions shall show the date of presentation to the trial judge is mandatory, and where it fails in that respect it is no bill.

2. *Same.*—Where the bill of exceptions did not show the date of presentation to the trial judge as required by section 3019, the defect was jurisdictional and this court cannot consider assignments of error predicated on matters shown by the bill.

3. *Same; Curing Defect.*—Where the bill of exceptions is fatally defective for failing to show date of presentation to the trial judge, such defect could not be cured by a certificate of the trial judge, that the bill was presented to him on a certain date and that he endorsed the fact and date of presentation, and that it was taken by defendant's counsel for examination and within the 90 days allowed for signing, was returned to him with the proposed new bill, and that after consultation with attorneys for both parties, the judge signed the substituted bill and by inadvertence failed to endorse thereon the date of presentation.

4. *Same; Motion to Strike.*—The failure of the bill to evidence the date of its presentation to the trial judge is a jurisdictional defect, and is not waived by a submission of the cause without formal motion by the appellee to strike the bill from the file.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Action by Mrs. S. E. Box and others against the Southern Railway Company for damages for setting out fire.   Judgment for defendant and plaintiffs appeal. Affirmed.

M. M. & VICTOR H. SMITH, for appellant.   Counsel discuss the issues raised by the assignments of error which are based upon the matters appearing in the bill of exception, but in view of the opinion of the court, it is not deemed necessary to here set them out.

[Box, et al. v. Southern Ry. Co.]

KNOX, ACKER, DIXON & STERNE, for appellee. The only matters assigned for error are based upon matters properly to be shown by the bill of exceptions, and as the bill fails to show when it was presented to the trial judge it cannot be considered for any purpose.—Secs. 3019, 3020, Code 1907; *Hartsell & Co. v. Wilhite,* 3 Ala. App. 612; *Smith v. State,* 166 Ala. 24. The endorsement of the date is jurisdictional, and the court cannot consider it as the bill of exceptions although the cause was submitted without formal motion to strike the bill of exceptions.—Authorities supra.

SOMERVILLE, J.—Counsel for appellee call our attention, by supplemental brief, to the failure of the trial judge to indorse upon the bill of exceptions the date of its presentation to him. An examination of the bill discloses nothing from which the date of its presentation can be determined; but it affirmatively appears that the judgment was rendered on May 27, 1911, the motion for new trial overruled on June 2, 1911, and the bill of exceptions signed on November 3, 1911.

It is insisted that the bill of exceptions should be stricken by this court.

Under the decisions of this court the indorsement in question is a mandatory requirement of the statute (Code 1907, § 3019), without which there is in fact *no* bill of exceptions.—*Edinburgh-American L. M. Co. v. Canterbury,* 169 Ala. 444, 53 South. 823, and cases therein cited. Such a showing is jurisdictional, and without it this court cannot consider the assignments of error presented by the pseudo bill.

The effect of this rule is sought to be avoided by the filing of a certificate from the trial judge, to the effect that a bill was in fact presented to him by plaintiff's counsel on August 21, 1911, upon which he then in-

dorsed the fact and date of presentation; that this orig-inal bill was taken by counsel for defendant for exami-nation, and, within the 90 days allowed for signing, by him returned to the judge, along with a new bill pre-pared by defendant's counsel, and offered as a correct bill; that, after consultation with counsel for both par-ties, he signed the substitute thus offered; and that by inadvertence he omitted to indorse upon it the date of presentation.

It is manifest that our statute and decisions are de-signed to foreclose all inquiries dehors the record itself, and thus to avoid the embarrassments and uncertainties so often attendant thereon.

The unavailibility of this mode of supplying the omit-ted requirement was pointedly decided in *Edinburgh American L. M. Co. v. Canterbury, supra;* and, indeed, if available, it would not show that the transcript omits any part of the bill of exceptions on file in the court below.

The effect of section 3020 of the Code is, as pointed out in the case of *Hartselle v. Wilhite,* 3 Ala. App. 612, 57 South. 129, only to forbid the striking of a bill of ex-ceptions on the ground that it was not seasonably *signed,* except on motion of a party to the record. The seasonable presentation of the bill, to be evidenced by the bill itself, remains a jurisdictional fact, and there-fore is not waived by the submission of the cause with-out a formal motion by the appellee to strike it from the file.

There being no legal bill of exceptions before us, and no error being assigned on the record proper, the judg-ment must be affirmed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.