# Wrenn *v.* Baker.

### Assumpsit.

(Decided December 19, 1916.   73 South. 756.)

1. **Bill of Exceptions; Presentation; Time.**—The presentation to the trial judge of the bill of exceptions within 90 days from the date of the judgment is jurisdictional, and an instrument presented after the lapse of that time is not a bill of exceptions, although signed by the trial judge.

2. **Same; Striking.**—The provisions of § 3020, Code 1907, has application to the unseasonable signing by the judge of the bill of exceptions, and not the unseasonable presentation of the bill to him.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Assumpsit by D. W. Baker against M. J. Wrenn.   Judgment for plaintiff and defendant appeals.   Affirmed.

JOHN A. DARDEN, for appellant.   RIDDLE & BURT, for appellee.

EVANS, J.—The transcript in this appeal shows that the judgment below was obtained on December 6, 1915, and the bill

of exceptions was presented to the trial judge on March 8, 1916 —93 days after the entry of judgment.

(1) Under the authorities, the limitation of 90 days for the presentation of a bill of exceptions is jurisdictional, and an instrument signed by the trial judge, but not presented within the required time, is no bill of exceptions.—*Box v. South. Ry. Co.*, 184 Ala. 598, 64 South. 69; *Hartselle & Co. v. Wilhite*, 3 Ala. App. 612, 57 South. 129; *Edinburgh-American Land Mortgage Co. v. Canterbury*, 169 Ala. 444, 53 South. 823; *Smith v. State*, 166 Ala. 24, 52 South. 396; *Harper v. State*, 13 Ala. App. 47, 69 South. 302.

(2) Section 3020, Code 1907, forbidding appellate courts to strike a bill of exceptions mero motu, applies to the unseasonable signing by the judge, and not to the unseasonable presentation of the bill to him.—*Box v. South. Ry. Co., supra; Harper's Case, supra; Hartselle & Co. v. Wilhite, supra.*

In the absence of a bill of exceptions, there is no question presented for our review. The judgment must be affirmed.

Affirmed.