(80 South. 149)

WRIGHT v. McCULLOUGH. (8 Div. 482.)

(Court of Appeals of Alabama. Nov. 12, 1918.)

1. PLEADING ⨪208—DEMURRER—SUFFICIENCY—PLEA TO JURISDICTION.

Though defendant's plea to the jurisdiction failed to aver that he had a permanent residence in another county, as the defect was not pointed out by the demurrer, the demurrer was properly overruled in view of Code 1907, § 6110, requiring certain actions to be brought in the county of defendant's residence, and of section 5340, providing that no objection can be allowed not stated in the demurrer.

2. APPEAL AND ERROR ⨪715(1)—TIME FOR APPEAL—STATEMENT OF CLERK.

An ex parte statement of the clerk in the form of a certificate as to the date of presentation of a bill of exceptions was insufficient to supplement the record.

3. APPEAL AND ERROR ⨪541—RECORD—INDORSEMENT ON BILL OF EXCEPTIONS.

The indorsement in a bill of exceptions presented within the statutory time and made as required by statute is part of the record.

4. APPEAL AND ERROR ⨪511(2)—BILL OF EXCEPTIONS—TIME FOR FILING.

Where a bill of exceptions does not show on its face that it was presented within 90 days from the rendition of the judgment, it cannot be considered as a basis of showing error.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by E. E. Wright against R. N. McCullough for damages for conversion. Judgment for defendant, and plaintiff appeals. Affirmed.

The suit grew out of the seizure of certain beer by the sheriff, R. N. McCullough, who was sheriff of Morgan county, Ala., and resided in the city of Decatur, in said county. Defendant filed the following plea, appearing specially for that purpose:

This court is without jurisdiction to hear and determine this cause for the reason that defendant is, and was at the time of the institution of the action of the suit, a resident of Morgan county, and is not now and was not then a resident of Madison county, and the act complained of in the complaint was not done, and did not occur in the county of Madison.

Demurrers set up that the plea presents no more than the general issue, and that it sets up no matter of abatement of the suit as filed, and is an attempt to oust the jurisdiction of this court, and sets up no matters except those properly arising from the merits.

R. E. Smith, of Huntsville, and G. O. Chenault, of Albany, for appellant.

Spragins & Speake, of Huntsville, and Wert & Hutson, of Decatur, for appellee.

BROWN, P. J. [1] While the defendant's plea to the jurisdiction of the court does not aver in terms that the defendant had a permanent residence in Morgan county, this defect is not pointed out by the demurrer, and the plea was not subject to the grounds of demurrer assigned, and they were properly overruled. Code 1907, § 6110; Rand v. Gibson, 109 Ala. 266, 19 South. 533; Code, § 5340.

[2-4] The bill of exceptions was signed more than 90 days from the rendition of the judgment, and, so far as the record certified here shows, there is no indorsement on the bill of exceptions showing when it was presented to the trial judge for his signature. On motion of appellant, a certiorari was granted to correct this defect in the record, if defect it was, and the only return to the writ is an ex parte statement of the clerk in the form of a certificate to the effect that the date of the presentation of the bill of exceptions shows that it was presented to the trial judge on the 31st day of May, 1916. It has been repeatedly held that the record cannot be supplemented or impeached by such a paper. Edinburgh-Land Mortgage Co. v. Canterbury, 169 Ala. 444, 53 South. 823; Leeth v. Kornman-Sawyer & Co., 2 Ala. App. 311, 56 South. 757. The indorsement in the bill of exceptions, when the bill is presented within the time allowed by the statute, and the indorsement made as required by the statute, is a part of the record, and, if such indorsement appeared on the bill of exceptions in the case, a transcript thereof made on transcript paper should have been certified to the court in response to the writ of certiorari. The bill of exceptions not showing on its face that it was presented within 90 days from the rendition of the judgment, under the uniform rulings of this

⨪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the Supreme Court it cannot be looked to as a basis of showing error. Box v. Southern Railway, 184 Ala. 598, 64 South. 69; Harper v. State, 13 Ala. App. 47, 69 South. 302; Wrenn v. Baker, 15 Ala. App. 434, 73 South. 756; Scott v. Ala., T. & N. Ry. Co., ante, p. 371, 77 South. 983.

No error appearing in the record, the judgment of the court will be affirmed.

Affirmed.