(81 South. 354)

ROWE v. STATE. (6 Div. 453.)

(Court of Appeals of Alabama. March 18, 1919.)

1. CRIMINAL LAW ☞1092(1)—APPEAL—BILL OF EXCEPTIONS—INDORSEMENT OF DATE.

On appeal from conviction for violating the prohibition law, a purported bill of exceptions will not be considered where it affirmatively appears that the judge who tried the case has not indorsed thereon the true date upon which the alleged bill of exceptions was presented to him.

2. CRIMINAL LAW ☞1092(4), 1109(2)—APPEAL—SUFFICIENCY OF BILL OF EXCEPTIONS—WAIVER.

The seasonable presentation of a bill of exceptions on a criminal appeal, to be evidenced by the bill itself, is a jurisdictional fact, and is not waived by submission of the cause without motion to strike the bill.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Charlie Rowe was convicted of violating the prohibition law, and appeals. Affirmed.

De Grafenreid & Wright, of Tuscaloosa, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

---

BRICKEN, J. The defendant was tried upon an indictment and convicted of the offense of violating the prohibition law.

[1] No error appears upon the record proper; and we are ,without authority to consider the purported bill of exceptions, as it affirmatively appears that the judge who tried this case has not indorsed thereon the true date upon which the alleged bill of exceptions was presented to him. In the absence of such indorsement, there is in fact no bill of exceptions. Box et al. v. Southern Railway Co., 184 Ala. 598, 64 South. 69.

[2] The submission of this cause was had without a formal motion to strike the bill of exceptions, but it is insisted by brief of the Attorney General that the purported bill of exceptions be stricken. The seasonable presentation of the bill, to be evidenced by the bill itself, is a jurisdictional fact, and is not, therefore, ,waived by the submission of the cause without motion to strike. Box et al. v. Southern Railway Co., supra; Edinburgh-American L. M. Co. v. Canterbury, 169 Ala. 444, 53 South. 823; Hartselle & Co. v. Wilhite et al., 3 Ala. App. 612, 57 South. 129.

The judgment of the lower court is affirmed.

Affirmed.