(85 South, 572)

BOSS LIVERY CO. v. BAILEY.   (6 Div. 617.)

(Court of Appeals of Alabama.   April 20, 1920.)

1. EXCEPTIONS, BILL OF ⊂⟹43(1)—PRESENTMENT OF BILL WITHIN TIME JURISDICTIONAL.

Presentment of bill of exceptions to trial judge within 90 days from rendition of judgment as required by Code 1907, § 3019, is jurisdictional; the statute being mandatory.

2. EXCEPTIONS, BILL OF ⊂⟹43(2)—AFFIDAVIT OF INABILITY BECAUSE OF JUDGE'S ABSENCE FROM STATE DOES NOT EXCUSE FAILURE OF BILL TO SHOW PRESENTATION.

Affidavit by appellant's attorney that bill of exceptions had been prepared, but could not be presented because of trial judge's absence from state, could not excuse failure of bill of exceptions to show presentation within 90 days as required by Code 1907, § 3019, the proper procedure in the event of the judge's absence being to establish a bill of exceptions before a justice of the Supreme Court, or a judge of the Court of Appeals, as authorized by section 3022, as amended by Acts 1915, p. 816.

3. APPEAL AND ERROR ⊂⟹655(2)—COURT OF APPEALS WILL STRIKE BILL OF EXCEPTIONS NOT PRESENTED TO JUDGE WITHIN TIME.

Bill of exceptions not presented to trial judge within 90 days from rendition of judgment as required by Code 1907, § 3019, will be stricken by the Court of Appeals on its own motion, notwithstanding section 3020, forbidding appellate courts to strike a bill of exceptions ex mero motu; such statute applying only to the unseasonable signing of the bill by the trial judge, and not to its unseasonable presentation

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by S. S. Bailey against the Boss Livery Company for damages for failure to deliver goods. Judgment for defendant, and plaintiff appeals. Affirmed.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellant.

Counsel discuss the assignments of error based upon the bill of exceptions, but in view of the opinion it is not deemed necessary to here set it out.

David J. Davis, of Birmingham, for appellee.

The bill of exceptions nowhere purports to have been presented within' the time, and therefore should have been stricken. Section 3019, Code 1907.

BRICKEN, P. J. This cause is submitted here upon a motion to strike the bill of exceptions and on its merits. The grounds of the motion to strike is based upon the fact that the purported bill of exceptions does not bear the necessary indorsement that it was presented to the judge who tried the case within 90 days as required by law.

The cause was tried on May 5, 1919. The bill of exceptions bears no indorsement whatever of its "presentation" to the judge who tried the case, but does contain the indorsement that it was "signed" by the judge on October 23, 1919; and, so far as this court may know, the bill of exceptions was not presented to the presiding judge "before" the date upon which it was signed by him.

[1] A bill of exceptions must be presented within 90 days from the date on which the judgment was rendered and not afterwards. Code 1907, § 3019. "The judge must indorse thereon and as part of the bill, the true date of presenting." This limitation of 90 days is jurisdictional, and is a mandatory requirement of the statute. Without such indorsement there is in fact no bill of exceptions, and without this jurisdictional requirement being complied with, the appellate courts cannot consider the assignments of error predicated upon and presented by the so-called bill of exceptions. In Wrenn v. Baker, 15 Ala. App. 434, 73 South. 756, it was said:

"Under the authorities, the limitation of 90 days for the presentation of a bill of exceptions is jurisdictional, and an instrument signed by the trial judge, but not presented within the required time, is no bill of exceptions."

See, also, Box et al. v. Southern Ry. Co., 184 Ala. 598, 64 South. 69, and cases cited.

In an attempt to avoid the operation of the settled rule as to the presentation of the bill of exceptions, we find in the record immediately following the bill of exceptions an affidavit by one of the attorneys for appellant, dated August 4, 1919, in which he says:

"Affiant avers that proper steps have been taken to secure an appeal in said cause, and that a bill of exceptions has been prepared in said cause, and that such bill of exceptions cannot be presented to the presiding judge on account of his absence from the state."

[2] This affidavit cannot be looked to to supply the failure of the bill of exceptions to show presentation. Wright v. McCullough, 16 Ala. App. 575, 80 South. 149. To do so would be to disregard and ignore the statutory requirements in such cases, as well as the innumerable decisions of this court and of the Supreme Court on the question.

The proper procedure in order to meet the conditions recited in the affidavit is to establish the bill of exceptions before a justice of the Supreme Court or a judge of this court. Section 3022 of the Code 1907, as amended by the act approved September 25, 1915 (Acts 1915, p. 816), provides that if the judge before whom a cause is tried, dies, resigns, is removed from office, or is out of the state, or from sickness is unable to accept a presentation, etc., or if his term of office expires before the bill of exceptions is presented within the 90 days, the bill of exceptions may be filed with the clerk of the court where the case was tried, and the bill of exceptions may be settled and established by or before the chief justice, or any one of the associate justices of the Supreme Court, etc. It thus appears that if the trial judge is out of the state, as shown by the affidavit, supra, the bill of exceptions must be filed with the clerk of the court within the 90 days from the date of the trial.

[3] The motion to strike the bill of exceptions must prevail. In fact, the bill of exceptions here must must have been stricken by this court of its own' motion, as Code 1907, § 3020, forbidding appellate courts' to strike a bill of exceptions ex mero motu, applies only to the unseasonable "signing" of the bill by the trial judge, and does not apply to the unseasonable "presentation" of the bill to him. Hartselle & Co. v. Wilhite, 3 Ala. App. 612, 57 South. 129.

The bill of exceptions is accordingly stricken, and as no errors are assigned upon the record, and none being apparent, the judgment of the circuit court is affirmed.

Affirmed.