(87 South. 530)

WILLIAMS v. STATE. (1 Div. 156.)

(Supreme Court of Alabama. Dec. 2, 1920.)

1. Criminal law ⬯1093—Recital bill of exceptions was presented within prescribed time held insufficient.

A bill of exceptions, in a prosecution for homicide, which merely recited that it was presented "within the time prescribed by law," and signed on a stated date, which was after the expiration of the 90 days allowed, does not show compliance with the statutory require-ment that it be presented to the presiding judge within 90 days from the day of judgment.

2. Criminal law ⬯1095—Delay in presentation of bill can be noticed by court's own motion.

The failure of the bill of exceptions to show that it was presented to the presiding judge within 90 days from the day on which judgment was entered, as required by Code 1907, § 3019, is a jurisdictional defect, and such failure will be taken ex mero motu by the Supreme Court.

3. Criminal law ⬯1095—Delay in signing properly presented bill available only on motion to strike.

Where the bill of exceptions was properly presented and indorsed as required by statute, but not signed by the presiding judge within the time prescribed after the judgment of conviction, such failure cannot be taken by the Supreme Court ex mero motu, but the bill of exceptions can only be stricken on motion of the party to the record or his attorney under Code 1907, § 3020.

Appeal from Circuit Court, Clarke County; Ben. D. Turner, Judge.

Earnest Williams was convicted of murder in the first degree, and he appeals. Affirmed.

Q. W. Tucker and E. V. Chapman, both of Grove Hill, for appellant.

No brief came to the Reporter.

J. Q. Smith, Atty. Gen., for the State.

No brief came to the Reporter.

THOMAS, J. The defendant was indicted for murder in the first degree, and the death penalty imposed pursuant to the verdict of the jury so adjudging the degree of his guilt and fixing his punishment. The trial took place on December 8, 1919, and defendant was found guilty and sentenced on December 10, 1919.

[1] The bill of exceptions does not show that the same was presented to the presiding judge within 90 days from the day on which the judgment was entered. It merely recites that the bill of exceptions was presented "within the time prescribed by law," and signed on April 3, 1920, which was more than 90 days from the date on which the judgment of the court was entered. This is not a compliance with the statutory requirement.

[2] This court has held that where a bill of exceptions fails to show that it was presented to the presiding judge within 90 days from the day on which the judgment was entered the court will, ex mero motu, leave out of consideration such bill of exceptions in considering the transcript. That is to say, the presentation of the bill of exceptions to the presiding judge within the time prescribed by the statute (Code, § 3019) is jurisdictional, and such failure will be taken ex mero motu by this court. Edinburgh-Amer-

---

ican L. M. Co. v. Canterbury, 169 Ala. 444; 53 South. 823; Smith v. State, 166 Ala. 24, 52 South. 396; State ex rel. Tate v. Powell, 184 Ala. 46, 63 South. 542; Brannan v. Sherry, 195 Ala. 272, 71 South. 106; Box et al. v. Sou. Ry. Co., 184 Ala. 598, 64 South. 69; Herzberg, Trustee, v. Riddle, 171 Ala. 368, 54 South. 635; Wrenn v. Baker, 15 Ala. App. 434, 73 South. 756.

[3] When properly presented and indorsed as required by statute, and yet not signed thereafter by the presiding judge within the time prescribed by law, such failure cannot be taken by the court ex mero motu, and the bill of exceptions may only be stricken on motion of a party to the record or his attorney. Code, § 3020; Shipp v. Shelton, 193 Ala. 659, 663, 69 South. 102; Box v. Sou. Ry. Co., supra; Harper v. State, 13 Ala. App. 47, 69 South. 302.

The record proper appearing in all respects regular, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and BROWN, JJ., concur.