**FIRST NAT. BANK OF LAWRENCEBURG, TENN., v. MORROW et al. (6 Div. 220.)**

(Court of Appeals of Alabama. Nov. 13, 1923.)

1. Exceptions, bill of ☞41(1)—Filing over five months after rendition of judgment precluded consideration of rulings.

Under Code 1907, § 3019, requiring bills of exceptions to be filed within 90 days after rendition of judgment, a bill filed over five months thereafter was too late to permit consideration of rulings on the main trial.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. New trial ☞153—Indorsement and recitals held to show sufficient proper filing.**

Indorsement by judge on a motion for new trial that it was "presented" to the court, and recital that it was "filed with the court" held to show a sufficient proper filing.,

**3. New trial ☞155—Court held powerless to grant new trial after 30-day lapse, unless motion kept alive.**

After the lapse of 30 days from rendition of judgment, the court was powerless to set it aside, unless upon proper motion kept alive by formal orders under Acts 1915, p. 708, § 3, so providing.

**4. New trial ☞155—Motion held functus officio where not kept alive by court orders.**

Where a judgment was rendered on October 13th, a motion for new trial filed on November 8th and overruled on December 7th, no order with reference to the motion being made between the filing and overruling, became functus officio, and could not be granted, in view of Acts 1915, p. 708, § 3.

Appeal from Circuit Court, Marion County; J. J. Curtis, Judge.

Action by the First National Bank of Lawrenceburg, Tenn., against J. T. Morrow and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Travis Williams, of Russellville, for appellant.

The plaintiff was entitled to the affirmative charge.

Pennington & Pou, of Jasper, and C. E. Mitchell, of Hamilton, for appellees.

Bill of exceptions must be presented within 90 days from the date of judgment. Code 1917, § 319; Rice v. Beavers, 196 Ala. 355, 71 South. 659; Shipp v. Shelton, 193 Ala. 658, 69 South. 102. A court has no power over a motion for new trial, unless filed within 30 days from judgment, and continued to a future day. Acts 1915, p. 708; Ex parte Margart, 207 Ala. 604, 93 South. 505.

BRICKEN, P. J. The cause is submitted upon motion to strike the bill of exceptions, and also upon its merits.

Appellant has assigned as error (1) the rendition of the original judgment; (2) the refusal to it of the affirmative charge; and (3) overruling its motion for a new trial, thus presenting for our consideration no rulings upon the pleadings, and presenting questions solvable only by what appears in the bill of exceptions.

[1] The transcript shows the original judgment was rendered October 13, 1921, and that the bill of exceptions was not presented to the trial judge until March 3, 1922, more than 90 days thereafter. This was too late. Code 1907, § 3019. Wrenn v. Baker, 15 Ala. App. 434, 73 South 756; Boss Livery Co. v.

Bailey, 17 Ala. App. 418, 85 South. 572, and the bill of exceptions cannot be considered for the purpose of reviewing rulings upon the main trial. Assignments of error 1 and 2 are thus eliminated.

[2] It further appears the motion for a new trial was on November 8th first "presented" to the trial judge as shown by his indorsement thereon, or "filed with the court" as shown by recitals in the bill itself. Notwithstanding the earnest insistence of the appellee, we are of the opinion that this recital is a sufficient proper filing of the motion within the time required by law.

[3] The motion thus filed on November 8th was overruled on December 7, 1921, long after the expiration of 30 days from the judgment. Within the 30 days the court's power over its judgment continued. Acts 1915, p. 708, § 3.

After the lapse of 30 days from the rendition of the judgment, the court was powerless to set aside the same, unless upon proper motion kept alive by formal orders. Acts 1915, p. 708, § 3; Ex parte Margart, 207 Ala. 604, 93 South. 505; Ala. S. & W. Co. v. Sells, 168 Ala. 547, 52 South. 921.

[4] The record is silent as to any order having been made with reference to the motion between its filing and the overruling thereof, and hence, at the time it was overruled, the motion had become functus officio, and it would have been erroneous to grant the same, however meritorious it may have been.

Affirmed.