### PEOPLES v. STATE.   (4 Div. 903.)

(Court of Appeals of Alabama.   April 8, 1924.)

**1. Criminal law ⟺1092(7)—Appellate court without jurisdiction to consider appeal, where bill of exceptions not filed within 90 days from judgment.**

Where the bill of exceptions on appeal from a conviction for murder was not presented to the trial court within 90 days after judgment was entered, as required by Code 1907, § 3019, the appellate court is without authority to consider the same.

**2. Criminal law ⟺1092(7)—Statute limiting time in which to file bill of exceptions is mandatory and jurisdictional.**

Code 1907, § 3019, limiting the time to 90 days from entry of judgment within which to present bill of exceptions, is mandatory and jurisdictional.

**3. Criminal law ⟺1092(7)—Appellate court can only look to record proper, where bill of exceptions not filed within statutory period.**

Where bill of exceptions is not presented within 90 days from the day on which the judgment is entered, as required by Code 1907, § 3019, the appellate court can only look, as required by section 6264, to the record proper for error apparent thereon.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Teen alias Earnie Peoples was convicted of murder in the second degree, and appeals. Affirmed.

C. B. Fuller, of Opp, and A. Whaley, of Andalusia, for appellant.

Counsel argue questions raised on the trial, but, in view of the opinion, it is not necessary that the brief be here set out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In view of the opinion, it is not necessary that brief of counsel be here set out.

BRICKEN, P. J.   Upon an indictment charging the defendant with murder in the first degree, he was tried and convicted of murder in the second degree; his punishment being fixed at 20 years' imprisonment in the penitentiary, to which term he was duly sentenced.

The record discloses that this appellant was arraigned upon the indictment on March 2, 1923, and pleaded "not guilty," and also "not guilty by reason of insanity." His case was set for trial, and was tried, on March 21, 1923, and judgment of conviction was entered on that date (March 21, 1923).

He gave notice of appeal to this court, and what purports to be the bill of exceptions was not presented to the trial judge until June 21, 1923, which as will be noted, was 92 days from the date upon which the judgment in this case was rendered and entered.

[1, 2] The bill of exceptions not having been presented within 90 days from the day on which the judgment was entered, as the law requires, we are without authority to consider same. Code 1907, § 3019; Ramey v. State, 9 Ala. App. 51, 64 South. 168; Boss Livery Co. v. Bailey, 17 Ala. App. 418, 85 South. 572; Smith v. State, 166 Ala. 24, 52 South. 396; Lewis v. State, 194 Ala. 1, 69 South. 913. The statute, supra, is mandatory, and the limitation of 90 days within which to present a bill of exceptions is jurisdictional. Authorities, supra. See, also, Wrenn v. Baker, 15 Ala. App. 434, 73 South. 756, and Box v. Southern Ry. Co., 184 Ala. 598, 64 South. 69.

[3] Through the failure to comply with the express and mandatory terms of the statute that the bill of exceptions must be presented within 90 days from the day on which the judgment is entered, and not afterwards, this appellant is denied the right to be heard upon such questions as may have arisen upon the trial of this case, and this court can only look to the record proper for error apparent thereon. This we have done, as the statute requires (Code 1907, § 6264), and, finding no error on the record, the judgment of the circuit court appealed from must be, and is affirmed.

Affirmed.