(100 South. 203)

## SOUTHERN RY. CO. v. WILLIAMS.
### (6 Div. 102.)

(Supreme Court of Alabama. April 10, 1924. Rehearing Denied May 15, 1924.)

1. **Exceptions, bill of ⊙⇒41(1)—Compliance with statute as to time of presenting bill essential to its validity.**

A compliance with Code 1907, § 3019, relative to time within which a bill of exceptions must be presented to the trial judge and signed by him, is essential to the validity of the bill.

2. **Exceptions, bill of ⊙⇒50—Bill presented to judge in another state where he approved it held void as not a "presentation."**

Bill of exceptions which instead of being filed with the clerk of the court during the judge's absence, as required by Acts 1915, p. 816, was mailed to the judge in another state, where he approved it, held void as not being a "presentation" within Code 1907, § 3019.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Present—Presented—Presentation.]

3. **Removal of causes ⊙⇒79(1)—Elimination of resident defendant by affirmative charge, given at his request, held not to entitle nonresident defendant to removal.**

Giving of affirmative charge at the conclusion of evidence upon request of resident defendant, which ruling was adverse to plaintiff and without his assent, did not make cause then removable to federal court at instance of remaining nonresident defendant.

4. **Appeal and error ⊙⇒1036(2)—Error as for misjoinder held harmless in view of amendment.**

If a complaint was demurrable as for misjoinder of the Director General of Railroads and a railway company, such error held rendered harmless, in view of amendment striking out Director General as party defendant.

### On Rehearing.

5. **Appeal and error ⊙⇒655(1)—Supreme Court must ex mero motu strike bill of exceptions not presented to judge as required by statute.**

Where bill of exceptions was not presented to judge as required by Code 1907, § 3019, and Acts 1915, p. 816, Supreme Court must strike bill ex mero motu, on theory presentation of bill is jurisdictional; Code 1907, § 3020, forbidding striking by court ex mero motu, not applying.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action for damages for malicious prosecution by Sam L. Williams against the Southern Railway Company and others. From a judgment for plaintiff against Southern Railway Company, that defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

There was no motion to strike the bill of exceptions before submission. Seminole Graphite Co. v. Thomas, 205 Ala. 222, 87 South. 366; Edinburgh-American L. M. Co. v. Canterbury, 169 Ala. 444, 53 South. 823; Crittenden v. Chancey, 161 Ala. 519, 49 South. 811. It was not improper for the trial judge to sign the bill of exceptions without the state. Collier v. State, 2 Stew. (Ala.) 388; Hayes v. Collier, 47 Ala. 726; Hine v. Hussey, 45 Ala. 496; Plowman v. Henderson, 59 Ala. 559; State v. Gurney, 17 Neb. 523, 23 N. W. 524.

Bowers, Dixon & Bowron, of Birmingham, for appellee.

The bill of exceptions, having been presented to and signed by the trial judge while he was outside the state of Alabama, is a nullity, and should be stricken from the record. The jurisdiction of a circuit judge is confirmed to the boundary limits of Alabama for acts either ministerial or judicial. Ex parte Nelson & Kelly, 62 Ala. 382; Brue v. McMillan, 175 Ala. 416, 57 South. 486; Mortgage Co. v. Peoples, 102 Ala. 241, 14 South. 656; Drummond v. Lamar, 177 Ala. 530, 58 South. 194; Graves v. State, 178 Ala. 1, 59 South. 584; Bailey's Case, 17 Ala. App. 418, 85 South. 572; Thacker v. City of Selma, 16 Ala. App. 345, 77 South. 939; Dunlap v. Rumph, 43 Okl. 491, 143 Pac. 329.

ANDERSON, C. J. [1, 2] Section 3019 of the Code of 1907 requires the presentation of a bill of exceptions to the trial judge within 90 days from the day on which the judgment is entered and not afterwards, and if correct must be signed by him within ninety days after said presentation. A compliance with the statute as to presentation is essential to the validity of the bill of exceptions. Smith v. State, 166 Ala. 24, 52 South. 396. The bill of exceptions was presented to the trial judge by mail at Biloxi, Miss., and was so noted by him, and the proof negatives any other presentation to him or the filing of same with the clerk within 90 days during the absence of the judge, as provided by Acts 1915, p. 816. While we have several authorities to the effect that the jurisdiction and powers of a circuit judge are coextensive with the boundaries of the state, and he can receive and approve a bill of exceptions in any county in the state, we have none holding that he can do so beyond the limits of the state. Bruce v. McMillan, 175 Ala. 416, 57 South. 486; Ex parte Nelson, 62 Ala. 376. Indeed it was not contemplated that a circuit judge could perform this or any other official act in another state, as Acts 1915, p. 816, makes provision for filing same with the clerk when the judge is out of the state. We are constrained to strike the bill of exceptions, which is accordingly done.

[3] The suit was for a joint tort against the Southern Railway, a nonresident, and one Cameron, a resident of Alabama, and the defendant Southern Railway petitioned for a removal of the cause to the federal court, which said petition was denied and as to which the appellant does not insist upon error. After the conclusion of the evidence, however, the trial court, upon request, gave the affirmative charge for the defendant Cameron, whereupon the Southern Railway renewed its petition for removal upon the theory that Cameron had, in effect, been eliminated, leaving it, a nonresident, the sole defendant, and insistence is made that the trial court erred in denying the last petition for removal. This was a ruling on the merits and not a ruling on the question of jurisdiction. It was adverse to the plaintiff and without his assent, and the trial court rightly held that it did not operate to make the cause then removable and thereby to enable the other defendant to prevent plaintiff from taking a judgment against it. Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303.

[4] It also is insisted that the complaint was subject to defendant's demurrer as for a misjoinder of the Director General of Railroads and the Southern Railway Company. Whether this was error or not we need not decide, for, conceding that it was, only for the purpose of deciding this case, it was rendered harmless by an amendment to the complaint striking out the Director General as a party defendant.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

### On Rehearing.

ANDERSON, C. J. [5] It is urged that the court should not decline to consider the bill of exceptions because no motion was made to strike the same upon the submission of the cause to the Court of Appeals, which said cause was transferred to this court under the Acts 1911, p. 449. True, section 3020 of the Code of 1907 forbids striking a bill of exceptions by the court ex mero motu, except upon a motion seasonably made, because not signed in time; but, as heretofore held, this section does not apply to a failure to present the bill as required by section 3019 of the Code and Acts 1915, p. 816, as this is jurisdictional, and the point must be taken whether a motion to strike was or was not made upon the submission of the cause. Box v. So. R. R., 184 Ala. 598, 64 South. 69; Hartselle & Co. v. Wilhite, 3 Ala. App. 612, 57 South. 129.

It is next insisted that under the early case of Collier v. State, 2 Stew 388, the indorsement of the presentation was a clerical or ministerial act, which could be performed

beyond the jurisdiction of the officer making the indorsement. This Collier Case was one in which the facts done and required were in the proper county and the clerk certified to same in another county. Here we not only have a certificate .made outside of the state, but the physical presentation of the bill outside of the state, and the propriety of such a presentation is, in effect, contrary to the statute, which expressly provides for filing same with the clerk when the judge is out of the state.

The rehearing is overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.