(101 So. 782)

PRESTON MOTORS CORPORATION v. GRIFFIN. (6 Div. 296.)

(Court of Appeals of Alabama. Oct. 28, 1924.)

1. **Appeal and error** �köö345(1)—**Bill of exceptions presented more than 90 days after judgment presents for review only ruling on motion for new trial.**

Bill of exceptions presented more than 90 days after date of judgment presents for review, if anything, only ruling on motion for new trial.

2. **Appeal and error** �köö792—**Bill of exceptions presented more than 90 days after judgment stricken ex mero motu.**

Bill of exceptions, presented more than 90 days after date of judgment, must be stricken by appellate court ex mero motu, so far as appeal from judgment is concerned.

3. **Appeal and error** �köö15—**Either or both judgment and order on motion for new trial may be appealed from.**

Defendant may appeal from either or both judgment for plaintiff and order overruling motion for new trial.

4. **Appeal and error** �köö384(2)—**Appeal considered as from judgment only where bond for costs did not specify.**

Where bond for costs of appeal did not state whether appeal was from judgment for plaintiff or order overruling defendant's motion for new trial, both of which were in record, appeal was considered as from original judgment only, leaving for review ruling sustaining demurrer to plea in abatement.

5. **Corporations** ⊘köö665(4)—**Lack of jurisdiction to declare contract with foreign corporation ultra vires held not shown by plea in abatement.**

Plea in abatement of action for damages for breach of contract by foreign corporation to deliver stock therein, in exchange for plaintiff's stock in another corporation, *held* not to show lack of jurisdiction in state courts to determine question of ultra vires.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by R. J. Griffin against the Preston Motors Corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 of the complaint is as follows:

"Plaintiff claims of defendants the sum of $1,000 damages, for that heretofore, to wit, on October 21, 1919, the defendants entered into an agreement with the plaintiff by which they agreed to deliver to the plaintiff 62 shares of the common stock of the Preston Motors

---

⊘kööFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Corporation, in exchange for 170 shares of common stock of the Preston Motor Car Company, which said 170 shares of said common stock the plaintiff delivered to the defendants, and, although plaintiff has complied with all the provisions of said agreement on his part, the defendants have failed and refused to deliver to him the said 62 shares of the common stock of the Preston Motors Corporation, hence this suit."

The plea in abatement of defendant follows:

"Come the undersigned, Roscoe Chamblee and Weatherly & Birch, as attorneys for the defendants in the above-stated cause, and appear specially for the purpose of filing this plea in abatement to the jurisdiction of this court over said cause, and for no other purpose, and specially plead for each of said defendants, separately and severally, to the jurisdiction of this court over said cause, and say that the court has no jurisdiction over the cause or causes set forth, or attempted to be set forth, in said complaint and in each count thereof, separately and severally, because Preston Motors Corporation, named as a defendant, is a foreign corporation created by, and existing under and by virtue of, the authority and laws of the state of Delaware; that said laws of the state of Delaware require that it maintain a principal office and place of business in said state, and that same is located at 3154 Du Pont Building, 7 West 10th street, Wilmington, Del., that Preston Motor Car Company, referred to and designated in said complaint, is also a foreign corporation chartered and organized under the laws of the state of Delaware, that the cause of action or controversy set out, or attempted to be set out, in the complaint and each count thereof is one involving the alleged rights, if any, of plaintiff under the alleged executory agreement referred to in the first count of the complaint, and a subsequent rescission of said executory agreement by the board of directors of Preston Motors Corporation in and by a resolution heretofore passed, which said executory agreement and resolution are hereinbelow particularly set out; that said agreement was in words and figures as follows, viz.:

" 'Birmingham, Ala., Oct. 21, 1919. Received of Dr. R. J. Griffin of Moundsville, Ala. (170) one hundred and seventy shares of common stock of the Preston Motor Car Company, for which we agree to issue and deliver to him (62) sixty-two shares of the common stock of the Preston Motors Corporation.
" '[Signed] Preston Motors Corporation,
" 'Preston Orr, Secty. & Treas.'

"And that said executory agreement was, and has been, rescinded by a resolution passed by the board of directors of said foreign corporation viz. Preston Motors Corporation, on to wit, May 19, 1920, at a meeting regularly held and duly constituted, which said resolution was in words and figures as follows, viz.:

" 'Whereas, various executory agreements, either verbal or written, have heretofore been attempted to be made at various times in the name of Preston Motors Corporation, by its officers, directors or agents, without authority of law and without the consent of its stockholders, in each of which it was separately agreed with certain of the stockholders of Pres-

ton Motor Car Company in substance as follows: That Preston Motors Corporation would issue and deliver to each of them a certain amount of its common stock, which amount is below specified, and receive in payment therefor certificates of stock held by each of them in Preston Motor Car Company, said latter stock being valued on a basis of what it actually cost each of the holders thereof at the times of their originally buying the same and to be taken as payment of an amount of Preston Motors Corporation's stock equal to said actual cost as aforesaid; and

" 'Whereas, said Preston Motor Car Company stock has already been delivered to the officers of Preston Motors Corporation and is now in the possession of such officers and said officers have already signed up some of its stock which was to be so exchanged therefor, but same are still in the Preston Motors Corporation's possession and have not been delivered; and

" 'Whereas, at the times of making said executory agreements Preston Motor Car Company had gone out of business, its good will had been dissipated, and it had no assets except a factory site in East Birmingham, Ala., which was and is mortgaged for practically all that it is worth; and

" 'Whereas, as authorized by section 14, of the General Corporation Laws of Delaware, it is the judgment of this board of directors that, at the times of attempting to make said executory agreements and also at the present time said Preston Motor Car Company stock was and is worthless; that said exchanges, if carried through, would be without consideration; and that to carry through and fulfill said agreements by the issuance and delivery of Preston Motors Corporation's good cash value stock with said worthless stock in Preston Motor Car Company, being taken as full payment therefor, would be inflicting a serious injustice upon the stockholders of Preston Motors Corporation, who have bought their stock at par and paid for same in money or money's worth, and would also be an unauthorized impairment of the capital of Preston Motors Corporation; and

" 'Whereas, this board is advised by counsel that any and all such action of any and all officers, directors and agents, individually or collectively, in making said executory agreements for the exchange of said stock in the manner aforesaid was and is ultra vires of such officers, directors, and agents, and that said executory agreements are void:

" 'Now, therefore, be it resolved, that each and every of said executory agreements be and the same are hereby rescinded and canceled and the secretary and treasurer of this corporation be and is hereby notified and instructed to return at his earliest convenience all Preston Motor Car Company stock now in the possession of any of the officers of this corporation, to each of the owners, thereof, notifying each of the action of this board; and be it further

" 'Resolved, that any and all action of this board whether in the form of resolution heretofore passed or otherwise which in any way approves 'or authorized said exchanges of stock or which might be so construed, be and the same is hereby rescinded and canceled; and be it further

" 'Resolved, that any and all stock certificates of Preston Motors Corporation which have been signed up, as aforesaid, but not delivered be and the same are hereby canceled, and the secretary and treasurer of this corporation be and is hereby notified and instructed to formally cancel said certificates and enter the fact of cancellation upon the proper books of this corporation.'

"Defendants further allege that, in order to decide the above controversy, as evidenced by said executory agreement and said rescission thereof, it will be necessary for this court to exercise visitorial powers over the management of the strictly internal affairs of said foreign corporation, viz. Preston Motors Corporation, in manner following to wit, to determine the validity of said executory agreement with plaintiff and whether or not the execution of same by the secretary and treasurer of Preston Motors Coporation was ultra vires; to review and pass upon the validity of the act of internal management of said board of directors in passing said resolution rescinding said executory agreements, and to determine whether or not the judgment of said board of directors as it is authorized to form under the General Corporation Laws of Delaware was conclusive in deciding in said resolution that said Preston Motor Car Company stock was worthless, and the defendants allege that said controversy involves particularly the alleged rights of plaintiff (and as a result of the judgment in this case, also the rights of many other stockholders of Preston Motor Car Company referred to and described in said resolution) to compel the issuance and delivery to him of stock in Preston Motors Corporation, the validity of all of which is denied by defendants, or to be compensated in damages for said act of internal management of said board of directors in rescinding said executory agreements and declining to issue and deliver said stock, constituting matters over which the government and courts of the state of Delaware have sole and exclusive jurisdiction. All of which defendants aver to be true, and they separately and severally plead the same in abatement to said complaint and to each count thereof, separately and severally, and pray that this court take no further jurisdiction or cognizance of the cause or causes of action set forth, or attempted to be set forth, against them in said complaint and each count thereof, and that they be hence dismissed with their reasonable cost in this behalf sustained."

Preston Orr, originally a party defendant, was stricken on motion of the plaintiff.

Weatherly, Birch & Hickman, of Birmingham, for appellant.

No state court has jurisdiction to exercise visitorial power or power involving the regulation of the internal affairs of any foreign corporation or causes of action involving the exercise of such powers. Boyette v. Preston Motors Corp., 206 Ala. 240, 89 So. 746, 18 A. L. R. 1376; 8 Fletcher, Cyc. Corp. § 5786. The issuance of stock is internal management. In re Fryeburg Water Co., 79 N. H. 123, 106 A. 225, 18 A. L. R. 1373; 10 Fletcher, § 5786; 8 Fletcher, § 5797.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. (transferred from Foster, J.). [1] The judgment in this case was rendered October 18, 1922. Ninety-seven days later, viz. on January 23, 1923, a bill of exceptions was "presented." More than 90 days having elapsed from the date of judgment before the bill of exceptions was "presented," this bill of exceptions presents for review only the ruling on the motion, if it presents anything. Yolande Coal & Coke Co. v. Norwood, 4 Ala. App. 390, 58 So. 118; General Ordnance Co. v. Bowen, 209 Ala. 574, 96 So. 753; Cheek v. Odom, ante, p. 31, 100 So. 782.

[2] So far as the appeal from the judgment is concerned this court must strike the bill of exceptions ex mero motu. Rowe v. State, 17 Ala. App. 18, 81 So. 354; Williams v. State, 205 Ala. 76, 87 So. 530.

[3] The bond for "costs of appeal" does not inform us what appellant attempted to appeal from, the judgment or the order overruling the motion for a new trial. The record contains the judgment and the order on the motion. Appellant could have appealed from either or both. Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647, but the bond indicates that only one appeal was taken, as it only secures the costs of appeal, not appeals.

[4] We will consider it as an appeal from the original judgment only, which leaves for review the ruling of the court below sustaining the demurrer to the plea in abatement filed by appellant.

[5] For aught appearing in the plea in abatement, the appellant was lawfully doing business in the state of Alabama in accordance with the laws of this state regulating the doing of business by foreign corporations. The cause of action set out in plaintiff's complaint was a simple and ordinary business transaction of purchase and sale, between the plaintiff as an individual stockholder in another corporation trading such stock with the defendant for stock in the defendant corporation. Nothing appears in the plea to show a return or offer to return or tender of the stock in court. We have not been able to discover anything in the complaint or plea that requires a court of this state to exercise visitorial power or undertake the regulation of the internal affairs of the appellant. If the contract was ultra vires the courts of this state had authority to so declare and to give the appellant any relief that it may be entitled to. The plea filed is denominated a plea in abatement. It is filed under a special appearance made for the purpose of filing a plea in abatement to the jurisdiction of the court, and for no other purpose. If it be considered, which we deem it unnecessary to determine, that the

contract sued on was ultra vires, it does not appear from the plea why the courts of this state would not have jurisdiction to determine that question in this case.

There was no error in sustaining the demurrer to the plea, and the judgment appealed from is affirmed.

Affirmed.