110 So.2d 342

**Ruben Lowell HOLCOMBE**

v.

**STATE.**

**8 Div. 396.**

Court of Appeals of Alabama.

March 24, 1959.

W. A. Barnett, Florence, for appellant.

John Patterson, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

On 4 April 1958 this appellant was, pursuant to a jury verdict, adjudged guilty of carnally knowing a girl over 12 and under 16 years of age.

On that same day appellant gave notice of appeal, and thereafter undertook to appeal to this court.

The Attorney General has filed a motion to strike the transcript of the evidence, and to strike the entire record and dismiss this appeal, on the grounds that the transcript was not timely filed with the clerk below, and the entire record was not filed in this court within the time required by law.

In this connection the record shows the following pertinent dates and data.

The appeal was taken on 4 April 1958.

A motion for a new trial was timely filed and presented on 2 May 1958, and on that day was set for hearing on 12 May 1958 by the court.

On 10 June 1958 the court entered an order overruling the motion for a new trial.

The transcript of the evidence was filed with the clerk on 2 August 1958.

The entire record was filed in this court on 29 August 1958.

The timeliness of the filing of the transcript of the evidence and of the entire rec-

ord must depend upon whether the motion for a new trial was discontinued and thereby rendered functus officio.

■ We judicially know that the Eleventh Judicial Circuit of Alabama consists of Lauderdale County only. The following provisions of Section 119, Title 13, Code of Alabama 1940, are applicable:

"After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, *and an order entered continuing it for hearing to a future day*; * * *." (Italics ours.)

In interpretating this section, Miller, J., in Ex parte Margart, 207 Ala. 604, 93 So. 505, said:

"What is the meaning of these words: 'An order entered continuing it for hearing to a future day'? In the connection used they mean, when put into practical effect, that the court, after the motion is filed and called to its attention, must, within 30 days after the date of the judgment, by an order entered in the minutes of the court or by an order entered on the motion docket or by an order entered in writing filed in the cause, continue the motion for hearing to a future day."

And in First National Bank of Lawrenceburg, Tenn. v. Morrow, 19 Ala.App. 459, 98 So. 34, this court, through Bricken, P. J., held:

"After the lapse of 30 days from the rendition of the judgment, the court was powerless to set aside the same, *unless upon proper motion kept alive by formal orders.* Acts 1915, p. 708, § 3; Ex parte Margart, 207 Ala. 604,

93 So. 505; Alabama Steel & W. Co. v. Sells, 168 Ala. 547, 52 So. 921." (*Underlining* ours.)

The order of the court below setting the motion for a new trial for hearing on 12 May 1958, by its own terms, expired at the end of that day and can have no effect upon the conclusion to be reached unless the motion was kept alive by an order of continuance made on or prior to that day, i. e., 12 May 1958. No such order appears on the record.

■ It must be deemed under the doctrine of the cases cited above the order of the court dated 10 June 1958, overruling the motion for a new trial was void because made some 69 days after rendition of judgment, and some 39 days after the jurisdiction and power of the court over the judgment had lapsed.

In Shelley v. Clark, 267 Ala. 621, 103 So. 743, wherein our Supreme Court held that a recital in an order that a hearing of a motion for a new trial was held on a date within the thirty day period was not sufficient, and the order, denying the motion was void, being made after the expiration of thirty days from the date of judgment.

■ Since there was no valid judgment on the motion for a new trial, the date of notice of appeal must be taken as the date from which to determine the time within which transcript should have been filed. Relf v. State, 267 Ala. 3, 99 So.2d 216. This date was 4 April 1958.

Under Sections 827(1)–827(6), Title 7, Code of Alabama 1940 (Pocket Part), the court reporter's transcript of the evidence, in the absence of proper extension of time, must be filed with the clerk below within sixty days from the date of appeal, or within sixty days from the ruling on motion for a new trial, whichever is later.

■ There being no extension of time granted by the lower court for filing the transcript of the evidence it should have been filed within sixty days of 4 April 1958, or on or before 4 June 1958 (3 June being

a legal holiday). It was not filed until 2 August 1958.

The motion to strike the transcript of the evidence is therefore well taken and must be granted.

The motion to strike the entire record is also well taken.

 Where, as here, the transcript of the evidence is not timely filed, the time within which the record proper must be filed in this court is sixty days from the date upon which the transcript could, or should have been filed in the court below. Relf v. State, supra. This was sixty days from 4 June 1958, or 3 August 1958. The record was not filed until 29 August 1958. No extensions of time for such filing were sought either in the court below, or in this court, as provided by Supreme Court Rule 37, Code 1940, Tit. 7 Appendix.

The motion to strike the entire record must be, and is, granted, and this appeal dismissed.

Appeal dismissed.